DLD-366                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1736
_____

ARTHUR D'AMARIO, III,
                                              Appellant

v.

WARDEN FAIRTON FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 13-cv-04314)
District Judge:  Honorable Robert B. Kugler
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 18, 2014

Before: SMITH, HARDIMAN and KRAUSE, Circuit Judges

(Opinion filed: October 2, 2014)
_____

OPINION
_____

PER CURIAM

        Arthur D'Amario, III, appeals from an order of the United States District Court for

the District of New Jersey denying his petition filed pursuant to 28 U.S.C. § 2241.  We

will affirm.

In June 2012, D'Amario was released from federal prison, and began serving a three-year term of supervised release. On March 2, 2013, D'Amario was detained by Canadian authorities for immigration purposes when he attempted to enter that country. Shortly thereafter, a warrant for D'Amario's arrest was issued in the United States District Court for the District of New Jersey based on a violation of his supervised release. Canadian authorities deported D'Amario on March 28, 2013, and he was immediately arrested by the United States Marshals Service. On May 23, 2013, D'Amario was sentenced to 24 months of imprisonment for violating the terms of his supervised release. He received prior custody credit from the date of his arrest on March 28, 2013, until the day before his sentence commenced, May 22, 2013.

D'Amario filed a petition pursuant to 28 U.S.C. § 2241, alleging that he is entitled to additional prior custody credit for the period that he spent in detention in Canada. He also sought a transfer from FCI Fairton to a prison closer to where his mother lives, claimed that he was improperly denied approximately one year of jail time credit related to a sentence imposed in a federal court in Rhode Island in 2000, and asserted that he suffers from severe headaches from chronic insomnia because FCI Fairton is overcrowded. The District Court denied the petition, concluding, inter alia, that D'Amario's request for credit for time spent in Canadian immigration custody was unexhausted and meritless, that his request for a prison transfer was not cognizable in a habeas proceeding, that he could not challenge his completed Rhode Island sentence, and that his complaints about the conditions of his confinement should be brought in a Bivens

2

action. D'Amario appealed.[1]

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We "exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its findings of fact." O'Donald v. Johns, 402 F.3d 172, 173 n.1 (3d Cir. 2005). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

The District Court properly held that D'Amario failed to exhaust his claim that his probation violation sentence should be credited with the 27 days that he spent in Canadian immigration custody. Although D'Amario raised this claim with the warden, he did not file a timely appeal with the BOP regional office. See 28 C.F.R. §§ 542.13-15 (describing the levels of the BOP's administrative remedy process). D'Amario's claim is therefore procedurally defaulted. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). In an effort to excuse that default, D'Amario argues that he mailed the intermediate appeal on time but that the Regional Office "chang[ed] the date they received it." Even if this bare allegation somehow established cause for the default, D'Amario is unable to show prejudice. See id. at 760 (stating that a procedurally

_____

[1] D'Amario asserts that he is appealing only two claims: (1) the denial of credit for his detention in Canada, and (2) the rejection of his argument that he was improperly denied jail credit in connection with the Rhode Island conviction. Even if D'Amario had challenged his remaining prison transfer and conditions of confinement claims, we would deny relief primarily for the reasons provided by the District Court. See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243-44 (3d Cir. 2005); McGee v. Martinez, 627 F.3d 933, 935-36 (3d Cir. 2010).

3

defaulted claim is "barred unless [the habeas petitioner] can demonstrate cause and prejudice.").

In relevant part, 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . ." The definition of "official detention" appears in the Bureau of Prisons' (BOP) internal agency guidelines, which state that "[a]n inmate being held by [the Immigration and Naturalization Service] pending a civil deportation determination is not being held in 'official detention' pending criminal charges." Program Statement 5880.28, p. 1-15A (1997); see also United States v. Lopez, 650 F.3d 952, 965-66 (3d Cir. 2011) (affirming District Court's refusal to afford § 3585(b) credit for time appellant was in immigration detention where the record did not indicate that a definitive decision regarding criminal prosecution was made). Here, the record contains a letter from Canadian authorities, stating that D'Amario "was incarcerated with the Ministry of Community Safety and Corrections for immigration purposes . . . ." Because D'Amario was detained in Canada solely for immigration purposes, and because such detention is civil in nature,[2] we conclude that the 27 days that D'Amario spent in Canadian custody does not constitute "official detention" within the

---

[2] See Citizenship and Immigration Canada, ENF 3, Admissibility, Hearings and Detention Review Proceedings, § 6.3, http://www.cic.gc.ca/english/resources/manuals/enf/enf03-eng.pdf ("The courts have determined that immigration proceedings are civil, not criminal, in that the purpose of the admissibility hearing is not to determine whether the person concerned is guilty or innocent, but rather to determine the person's status in Canada.").

meaning of § 3585(b).

D'Amario also argued that he was improperly denied jail credit in connection with a 2000 conviction in the United States District Court for the District of Rhode Island. In particular, D'Amario asserted that he was denied approximately one year of credit on the Rhode Island sentence for time that he spent in custody serving a state sentence. The District Court denied this claim, holding that it lacked jurisdiction because D'Amario was not "in custody" on the Rhode Island conviction when he filed his § 2241 petition. Carafas v. LaVallee, 391 U.S. 234, 238 (1968) (holding that custody is measured at the time that a habeas petition is filed). We agree. D'Amario does not dispute that he finished serving the Rhode Island sentence in May 2001, and satisfied consecutive sentences in February 2006. See D'Amario v. Bailey, 2010 WL 1931132, at *1-2 (D.N.J. 2010) (not precedential); cf. Garlotte v. Fordice, 515 U.S. 39, 45-46 (1995) (holding that a prisoner serving consecutive sentences imposed on the same day by the same court is "in custody" under any one of them for purposes of seeking habeas relief even though he has completed serving the particular sentence challenged in the habeas petition). Therefore, D'Amario is "in custody" solely pursuant to the parole violator sentence, and his challenge to the calculation of his Rhode Island sentence is unavailing. Indeed, any entitlement to credit against the Rhode Island sentence does not entitle D'Amario to credit against his parole violator sentence. See Maleng v. Cook, 490 U.S. 488, 490-92 (1989) (holding that once a sentence has been served, the petitioner is not "in custody" for purposes of attacking that conviction in a habeas petition).

For the foregoing reasons, we will summarily affirm the District Court's order.[3]

---

[3] D'Amario's motion for immediate release is denied.